JUAN ANTHONY AMILL, ETC., Plaintiff and Appellee, *v.* JUAN AMILL ANTONGIORGI, Defendant and Appellant.

No. 12129. Submitted June 4, 1961.—Decided June 26, 1961.

*Romero Barceló & Herrero Frank* for appellant.   *Brown, Newsom & Córdova* and *Iván Díaz de Aldrey* for appellee.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The dissolution of a marriage having been ordered by a divorce decree entered by a Nevada state court, which retained jurisdiction to entertain[1] all matters related to the

---

[1] It was unnecessary for the Eighth District Court of Nevada to expressly retain jurisdiction since the laws of that state expressly provide

welfare, support and custody of a minor born during wedlock, does the court of Puerto Rico have jurisdiction to entertain an action for support filed by the minor, a resident of Mexico, against his father, a resident of Puerto Rico?

The matter was not brought before the trial court and it is on appeal for the first time that the jurisdiction of the local court to entertain the action for support filed by the minor, is challenged.

Appellant assigns the commission of two errors[2] but discusses them jointly. We shall do likewise.

■■■ The parents of plaintiff minor were married on November 14, 1937. The son was born in the state of Illinois on November 19, 1942. They came to live in Puerto Rico. After the wife had lived here for some time, she returned to the United States and settled in the state of Nevada, where she filed an action for divorce. On November 5, 1945 the Eighth Judicial District Court of the State of Nevada rendered judgment awarding to plaintiff the custody of the minor; but without any pronouncement whatsoever as to allowance for support. In the judgment, it retained jurisdiction to entertain all matters related to the welfare, custody

that in divorce cases, the court may, at any time during the minority of any of the children, make subsequent orders for their custody and support. N.R.S. 125.140.

[2] "First error: The trial court exceeded its authority and committed a serious error prejudicial to appellant, in assuming, as it did, jurisdiction over the cause giving rise to the case at bar and granting, as it did, the complaint for support giving full faith and credit (Art. IV, § I) to the order for custody entered by the Eighth Judicial District Court of the State of Nevada in the original divorce case, ignoring, however, that by the very terms of the order, this state (sic) subject to modification at any moment, and particularly when it appears from the evidence offered by plaintiff that events of such a nature have occurred as to justify a modification of said decree.

"Second error: The trial court, likewise committed a fundamental error, prejudicial to appellant, in subrogating the court having original jurisdiction which ordered the divorce among the parties, ignoring for the purposes of its judgment that it is incumbent on the Court of the Eighth Judicial District of the State of Nevada to consider and decide all the aspects subsequent to its decree in relation to the welfare, custody and support of the minor in this case."

and support of the minor. The mother lived in the United States for some time but later she moved to Mexico, D. F., where she remarried. She works as an English teacher and has a monthly income of $150. Her son studies in a private school in the state of Texas due to the fact that she considers Mexican schools to be inadequate. The cost of keeping him in the private school in Texas is $1,400 annually. Defendant has never given support to the plaintiff minor.

A claim for support was filed in the Superior Court, San Juan Part, in which an allowance of $100 monthly was requested. The mother appeared as the minor's witness through a deposition taken in Mexico City. The court granted $75 monthly and defendant was ordered to pay, besides, $75 for attorney's fees.

Appellant in discussing the errors assigned alleges that the trial court acted without jurisdiction since having the court of Nevada retained jurisdiction to entertain all matters related to the welfare, custody and support of the minor, it is up to that court, and not to that of Puerto Rico, to entertain the suit. He argues that the court of Puerto Rico had the duty to give full faith and credit to the Nevada judgment and, therefore, could not entertain the action for support.

Appellant is not right. The provision ordering Puerto Rico to give full faith and credit to judicial proceedings in the federal states of the Union does not operate in the manner alleged by appellant in his right to attempt to maintain that the court of Puerto Rico does not have the authority to entertain the case at bar. As we have noted, the court of Nevada did not pass upon the support for the minor, and pursuant to the law of that state and in the express retention of jurisdiction which it made in the divorce decree, the Nevada Court could at any time thereafter pass upon the custody and support of the minor. It has been held that in situations of fact such as the present one, the provision regarding full faith and credit operates in the sense that when the court

of another state has jurisdiction over the matter and over the persons, it may subsequently pass upon the custody and support in the same manner and to the same extent as the court which rendered the original judgment. Since according to its own terms the judgment is not final for the Court of Nevada, it may not be considered final for the court of Puerto Rico either. *Pratt* v. *Reuter*, 79 P.R.R. 907 (1957) ; *Halvey* v. *Halvey*, 330 U.S. 610 (1947) ; Ehrenzweig, *Interstate Recognition of Custody Decrees*, 51 Mich. L. Rev. 345 (1953) ; 22 So. Cal. L. Rev. 293 (1949) ; 34 Geo. L. J. 105 (1946) ; Annotation, 90 A.L.R. 939, and see, also, Harper, *The Supreme Court and the Conflict of Laws*, 47 Colum. L. Rev. 803, 907–909 (1947).

In *Pratt* v. *Reuter, supra*, we decided that since the court of Puerto Rico had jurisdiction over the parties involved in a suit for custody of a minor, said court had authority to pass upon said custody once more since a change in the state of facts had occurred from the time the Court of Florida, which had ordered the divorce, originally passed upon the matter. In support of this theory, we cite different authorities which discuss diverse aspects of the problem related to the custody and support of a minor, and we chose to follow those which find that the courts where the minor really and actually resides, or with jurisdiction in personam over the parents of the minor, if the latter is within the territory of the state, even if temporarily sojourning there, have authority to make subsequent determinations on the basis regarding the above-mentioned matter of the custody. The facts of the case at bar squarely fall within the doctrine adopted by us in the case of *Pratt* v. *Reuter, supra,* since the trial court acquired, by submission, jurisdiction over the minor claimant, and defendant resides in Puerto Rico, and was summoned here.

■■ We shall now consider the other question raised by appellant to the effect that the Superior Court of Puerto

Rico, by taking jurisdiction, deprived him of his property without the due process of law and refused to give him the equal protection of the laws. The contention is based on the premise that the trial court had no authority to pass upon the custody of a minor, and in lacking such authority, appellant was estopped from litigating the question of custody in the case at bar.

Assuming, without deciding, that the Court of Puerto Rico has no authority to award him the custody,[3] there is nothing to preclude appellant, on justifiable grounds for such changes, from appealing to the proper court to claim his son's custody. Certainly, the filing of an action for support in a competent court of Puerto Rico which has acquired jurisdiction over the persons, upon plaintiff filing his complaint and submitting to the court and because defendant was personally summoned and was a resident here, does not preclude it. Appellant's theory is truly naive. He claims that because the trial court can not, in his opinion, pass upon the custody, it can not order him to pay support in the case at bar, despite the fact that the court acquired jurisdiction over the parties.

Since the errors assigned were not committed, the judgment appealed from is affirmed.

Mr. Justice Serrano Geyls did not participate herein.

---

[3] Here we point out once more that no question whatsoever regarding custody of the minor was raised before the trial judge. *Cf. Pratt* v. *Reuter*, 79 P.R.R. 907 (1957).